

**ORDERED in the Southern District of Florida on November 18, 2013.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                          Case No. 12-30085-BKC-AJC

CLARA ELENA RICARDO DE MORA                    Chapter 11

       Debtor.
_____/

CLARA ELENA RICARDO DE MORA,
By and through her next friend Rafael Mora,          Adv. No. 13-1719-BKC-AJC-A

       Plaintiff,

vs.

NICOLAS BROCHERIE,

       Defendant.
_____/

1

**MEMORANDUM ORDER GRANTING DEBTOR/PLAINTIFF'S MOTION FOR REMAND, OR IN THE ALTERNATIVE, MOTION REQUESTING THE COURT ABSTAIN FROM EXERCISING JURISDICTION OVER ADVERSARY PROCEEDING**

**THIS CAUSE** came before the Court for hearing on October 21, 2013 at 10:00 a.m. upon Debtor/Plaintiff, Clara Elena Ricardo de Mora's (hereafter "Debtor" or "Plaintiff"), Motion for Remand, or in the alternative, Motion Requesting the Court Abstain From Exercising Jurisdiction Over Adversary Proceeding (the "Motion," ECF #5). The Motion seeks to remand the case of *Clara Elena Ricardo de Mora, by and through her next friend Rafael De Mora v. Nicolas Brocherie*, Adversary Case No. 13-01719 (hereinafter "Adversary Proceeding") to the Circuit Court in and for Miami-Dade County, Florida, or in the alternative, have this Court abstain from exercising jurisdiction over adversary proceeding accordingly.

After hearing argument of counsel for the Plaintiff, and counsel for Defendant, Nicolas Brocherie (hereinafter "Defendant"), the Court determines that, to the extent it has jurisdiction over this matter, the Court will abstain from exercising jurisdiction over this matter, and the Adversary Proceeding shall be remanded to the state court. Thus, the Plaintiff's Motion is GRANTED.

## I. PROCEDURAL BACKGROUND

On or about August 22, 2012, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On the same date, the Debtor filed a Motion to Waive Budget and Credit Counseling Pursuant to 11 U.S.C. §109(h)(4) and the Post-filing Financial Management Course and Request for Appointment of a Guardian Ad Litem Pursuant to Federal Rule of Bankruptcy Procedure 1004.1.

After the Debtor appeared before this Court for hearing on the motion, the Court entered an Order granting the Debtor's motion and appointing Rafael Mora, her son, as guardian ad

litem.  This appointment was as to the bankruptcy proceedings only.  On or about February 13, 2013, the Court confirmed the Debtor's Amended Chapter 11 Plan.  Any time for appeal of the Confirmation Order has elapsed.  The Confirmation Order is a final order.

On or about March 7, 2013, the Debtor, in her individual capacity, executed a deed for the property located at 2121 Lucerne Avenue, Miami Beach, Florida 33140 to Defendant.  On or about September 10, 2013, a state court case styled, *Clara Elena Ricardo de Mora, by and through her next friend, Rafael de Mora v. Nicolas Brocherie*, Case No. 13-29199 CA 10 was commenced to invalidate the deed issued to Defendant as well as for damages for breach of fiduciary duty relating to a separate transaction.  On or about September 30, 2013, Defendant filed a notice of removal pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(3).

## II. FACTUAL BACKGROUND

Plaintiff is an individual Chapter 11 debtor, whose plan has been confirmed.  Defendant is a broker, who had allegedly previously provided advice and services to the Debtor and the Debtor's family.  After the confirmation of Debtor's Amended Chapter 11 Plan, on or about March 7, 2013, Plaintiff, in her individual capacity, transferred 2121 Lucerne Avenue, Miami Beach, Florida 33140 (hereinafter "Real Property") to Defendant through the execution of a deed.

Thereafter, Plaintiff, through her son, brought an action in state court to rescind the deed and to award damages for breach of a fiduciary duty relating to a separate claim for advice and services performed by Defendant.  This suit has been removed to this Court by the Defendant and is the subject of this Adversary Proceeding.

## III. LEGAL ANALYSIS

The instant issue is whether removal of this matter from state court to this Court is appropriate or whether remand and/or abstention from exercising jurisdiction of the matter is necessary. "Bankruptcy court jurisdiction potentially extends to four types of title 11 matters, pending referral from the district court: '(1) cases under title 11, (2) proceeding arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11.'" *In re Florida Dev. Associates Ltd.*, 2009 WL 393870, 3 (Bankr. S.D. Fla. 2009). The matters dealt with in the amended complaint removed to this Court are not proceedings under title 11, arising under title 11 or arising in a title 11 case. As such, the only potential basis for this court to exercise jurisdiction over the Adversary Proceeding is the related-to jurisdictional test. The test for determining whether a civil proceeding is "related-to" bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. *Id*.

At the hearing, the Defendant presented several reasons for this Court to exercise jurisdiction. The Court disagrees with the Defendant's position on these issues. Defendant has stated that the Court should take jurisdiction as Plaintiff has used an Order of this Court to create standing to bring this action in the state court, and Defendant alleges that Plaintiff has brought a claim for breach of fiduciary duty that would invoke this Court's jurisdiction as it is allegedly a pre-petition claim.

    **A.**     **The Order Granting Debtor's Motion to Waive Budget and Credit Counseling Pursuant to 11 U.S.C. §109(h)(4) and the Post-Filing Financial Management Course and Request for Appointment of a Guardian Ad Litem Pursuant to Federal Rule of Bankruptcy Procedure 1004.1 does not subject the Adversary Proceeding to Bankruptcy Court jurisdiction.**

4

Defendant argues that the Plaintiff's use of the Order Granting Debtor's Motion to Waive Budget and Credit Counseling Pursuant to 11 U.S.C. §109(h)(4) and the Post-Filing Financial Management Course and Request for Appointment of a Guardian Ad Litem Pursuant to Federal Rule of Bankruptcy Procedure 1004.1 (hereinafter "Order Appointing Guardian Ad Litem") as an exhibit to the complaint places this case under the jurisdiction of the bankruptcy court. This Court disagrees with Defendant's position. The attachment of the Order Appointing Guardian Ad Litem is not sufficient to invoke this Court's jurisdiction.

The suit was initiated by Clara Elena Ricardo de Mora, by and through her next friend Rafael de Mora. Defendant argues that standing to bring the state court suit in this manner was derived from the Order Appointing Guardian Ad Litem. This is incorrect.

Florida Rule of Civil Procedure 1.210(b) provides in pertinent part as follows:

> … A minor or incompetent person who does not have a duly appointed representative may sue by ***next friend*** or by a guardian ad litem. The court shall appoint a guardian ad litem for a minor or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the minor or incompetent person.

Florida Rule of Civil Procedure 1.210 (2013). The rule is clear in its language that when an incompetent person does not have a duly appointed representative, they may sue by next friend. Based on the style of the case, it is clear that the Order Appointing Guardian Ad Litem was not used to create standing in this matter for Rafael Mora to bring the state court action. The Florida Rules of Civil Procedure permit a next friend to bring an action for an incompetent, and the rule also permits the state court to provide for additional orders for protection of the incompetent person. While the Order may be attached to the amended complaint as an exhibit, it is clear that the Florida Rules of Civil Procedure provide for the standing for the institution of this suit by Mr.

Mora.  The Court finds no jurisdictional basis to adjudicate this matter based on Plaintiff's use of the Order Appointing Guardian Ad Litem as an exhibit to her complaint.

> **B.**     **The allegation of breach of fiduciary duty does not create jurisdiction over this matter in this Court.**

The Plaintiff's amended complaint alleges a breach of fiduciary under Florida law.  The amended complaint states,

> Defendant breached his fiduciary duty by negotiating for himself- and not the Plaintiff- to obtain the benefit of a substantial reduction in the debt on the Lake Road property.  The foreclosing mortgage was acquired by Lake Road 700 LLC, in which Defendant owned a majority interest, and thus acquired ownership of the Lake Road property in Lake Road 700 LLC with a reduction in mortgage debt which, on information and belief, exceeded $1 million dollars.

(Amended Complaint, ¶17). Defendant has argued, in opposition to the Motion, that the alleged breach occurred pre-petition, and as such, this Court should exercise jurisdiction over this case. The allegations above as well as the documentation filed in the related Chapter 11 case do not support this claim.

The filings in the bankruptcy case indicate that the ownership rights in the foreclosure judgment were not transferred pre-petition.  The underlying bankruptcy case was filed on August 22, 2012. According to the claims register, Lake Road 700, LLC was not assigned the claim in this matter until November 28, 2012. See Claim No. 2. Hence, Lake Road 700, LLC was assigned the foreclosure judgment under state law on or about November 28, 2012, over three (3) months after the filing of the bankruptcy petition.  Thus, it appears from the record in the Chapter 11 case that the alleged behavior giving rise to a claim for breach of fiduciary duty occurred post-petition.

6

Any claim and/or damages relating to the alleged breach of fiduciary duty having occurred post-petition, Defendant's assertion that the breach would be a pre-petition claim subject to the jurisdiction of this Court in not accurate. However, to the extent that these claims occurred pre-confirmation, the Court will exercise its discretion and abstain from accepting jurisdiction of this matter pursuant to 28 U.S.C. §1334(c)(1).

      **C.**     **To the extent that this Court has jurisdiction over these matters, the Court finds it proper to exercise its discretion pursuant to 28 U.S.C. §1334(c)(1) and abstain from presiding over this case in favor of remanding this matter to the state court.**

This Court has previously identified the fourteen (14) factors that should be considered in determining whether cause exists to abstain from hearing a case pursuant to 28 U.S.C. §1334(c)(1). *In re Florida Dev. Associates Ltd.* at 6. Those factors include the following:

(1)     The effect or lack thereof on the efficient administration or the estate if a court abstains.

(2)     The extent to which state-law issues predominate over bankruptcy issues.

(3)     The difficulty or unsettled nature of applicable law.

(4)     The presence of a related proceeding commenced in state court or other non-bankruptcy court.

(5)     The jurisdictional basis, if any, other than 28 U.S.C. §1334.

(6)     The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.

(7)     The substance rather than form of an asserted "core" proceeding.

(8)     The feasibility of severing state-law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.

(9)     The burden of the bankruptcy court's docket.

(10)    The likelihood that the commencement of the proceeding in bankruptcy court involved forum shopping by one of the parties.

(11)    The existence of a right to a jury trial.

(12)    The presence in the proceeding of non-debtor parties.

(13)    Comity.

(14)    The possibility of prejudice to other parties in the action.

Application of these factors to the facts of this adversary proceeding demonstrates that this Court should exercise its discretion and abstain from exercising jurisdiction over this purely state law matter. The first factor favors abstention as the administration of the estate will still be efficiently and effectively dealt with should the adversary proceeding be litigated outside the bankruptcy court.

The second factor also favors abstention as there are absolutely no bankruptcy law issues involved in the adversary proceeding. The claims are purely state law claims for damages based upon the relationship between the parties and rescission of a deed.

The third factor relates to the difficulty or unsettled nature of applicable law. There are no unusual or difficult issues that would require this Court's expertise. The state court is capable of determining the validity of the deed and alleged damages for breach of fiduciary duty, and both issues arise under the laws of the State of Florida. The determination of the validity of the deed and alleged damages do not require this Court's unique expertise nor does it involve bankruptcy concepts that the state court would be unprepared to determine. The fourth factor also does not apply as there are no related proceedings currently pending in the state or non-bankruptcy court.

8

As to the fifth factor, there is no other jurisdictional basis for this claim other than 28 U.S.C. §1334.   As to the sixth factor, this adversary proceeding is remote to the proceedings in the main bankruptcy case. Over a year has lapsed since the initial filing of the Debtor's bankruptcy, the plan has been confirmed, the Confirmation Order is final and substantial disbursements have been made pursuant to the plan. The only relation that this matter has to the Debtor's bankruptcy is that the real property in question was valued in the Debtor's bankruptcy and Debtor is to make payments under the plan. As such, the sixth factor favors abstention.

 As to the seventh factor, this is not a "core" proceeding but a non-core post-confirmation claim against Defendant. As such, the seventh factor favors abstention. Additionally, the eighth factor favors abstention.  As only state law claims exist, there is no issue pertaining to severance of state law claims from core bankruptcy matters.

The ninth factor also favors abstention.  This Court's docket is not so heavily burdened as to be unable to properly adjudicate this matter; however, the Bankruptcy Court docket is busy enough with bankruptcy matters that the adjudication of strictly state court matters is unnecessary.  Additionally, the tenth factor favors abstention. The removal of the proceeding to Bankruptcy Court, as opposed to properly responding in state court, suggests forum shopping by Defendant.  There is no rational basis for this case to be removed.  Defendant was not a creditor in the Debtor's Chapter 11 proceeding. The Chapter 11 Plan did not reserve jurisdiction in this Court for post-confirmation disputes nor was Defendant a contemplated party during the Chapter 11 process.  This issue is solely relating to the disposition of property of the Debtor after confirmation. As such, the only real reason for removal to bankruptcy court would be forum shopping.  Furthermore, as Plaintiff, the Debtor elected state court as the forum for this matter,

which was brought in the proper circuit based on the Defendant's residence. The tenth factor favors abstention.

As to the eleventh factor, the right to a jury trial exists and, therefore, abstention is appropriate. Furthermore, all of the Defendants are non-debtor parties, again causing the twelfth factor to be in favor of abstention. Additionally, and in conjunction with the fifth and sixth issues, as these are purely state law claims, in the interest of comity with state courts and respect for state law, abstention is appropriate. Finally, the thirteenth and fourteenth factors favor abstention. While no additional parties are known at this time, the limited jurisdiction of the federal bankruptcy court may prejudice other potential parties. As such, this Court should abstain from taking jurisdiction over this matter.

Additionally, this Court will abstain from exercising jurisdiction over this matter pursuant to 28 U.S.C. §1334(c)(2), which states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C.A. § 1334. The instant action does not arise under or in a case under title 11. This action could not have been brought in a Court of the United States absent jurisdiction under 28 U.S.C. §1334 as there is no allegation that the damages exceed the statutory minimum for federal court. Additionally, an action was commenced and can be timely adjudicated in the state court. Accordingly, it is appropriate for this Court to remand this case to the state court for further prosecution.

## IV. CONCLUSION

Plaintiff had properly filed this action in the Circuit Court in and for Miami-Dade County, Florida.  Absent the existence of the underlying bankruptcy case, there would be no cause for Defendant to have this case removed to the federal court.  Upon review of the issues in this matter, the Court has found that it is proper to exercise discretion and abstain from hearing this matter.  It is therefore

ORDERED AND ADJUDGED that the Motion is GRANTED and this adversary proceeding shall be remanded to the Circuit Court in and for Miami-Dade County, Florida for further proceedings, including consideration of the recently filed and pending motion to dismiss.

### ###

Copies furnished to:

All parties of record